FILED
SUPERIOR COURT
OF GUAM

2024 APR 29 PM 3: 56

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MELISSA A. JOHNSON,<br><br>               Plaintiff,<br><br>vs.<br><br>STEPHEN R. JOHNSON,<br><br>               Defendant. | DOMESTIC CASE NO. DM 0674-12<br><br><br>**DECISION AND ORDER**<br>*Re: Defendant's Motion to Transfer Jurisdiction* |

This matter came before the Honorable Arthur R. Barcinas on October 4, 2023, upon Defendant Stephen R. Johnson's ("Defendant") Motion to Transfer Jurisdiction from Guam to Virginia ("Motion"). The parties were present, with Attorney Daron Berman appearing for Defendant and Attorney Catherine Camacho appearing for Plaintiff Melissa A. Johnson ("Plaintiff"). Upon consideration of the briefings and the parties' arguments, the Court will **GRANT** the Motion.

## BACKGROUND

Plaintiff and Defendant were previously married and share a single child, A.J. (D.O.B. 02/04/2009). The parties divorced on Guam in September 23, 2012. As part of the divorce, the parties executed a Divorce and Property Settlement Agreement ("Agreement"). The section of the Agreement entitled "Child Custody" was held to constitute an initial child custody determination pursuant to the Guam Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), 7 GCA §§ 101 *et seq.* Agreement, at 4. After the parties' divorce, both parties

relocated from Guam, and neither party had resided in Guam for approximately ten (10) years when the Motion was filed on March 17, 2023. At the time of filing, Defendant was a resident of Nevada, and the Plaintiff and the parties' son were residents of Virginia.

On February 9, 2023, after Defendant attempted to register and modify the parties' divorce degree in Virginia, the Virginia Court entered an Order dismissing Defendant's petition on the ground that "Guam has and shall exercise continuing jurisdiction." Mot., at 2 (citing Decl. of Def. at ¶ 7). Defendant then filed the instant Motion on March 17, 2023, requesting that the Court decline jurisdiction in this matter and allow Virginia to exercise and assert jurisdiction over the parties and their domestic related issues in this matter.

## DISCUSSION

Guam, like nearly all United States jurisdictions, has adopted the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). *See* 7 GCA ch. 39 (statutory codification of the UCCJEA). The UCCJEA "attempts to foster uniformity among state laws governing jurisdiction over child custody determinations." *Koji v. Neves,* 2016 Guam 36 ¶ 32. Under the UCCJEA, a child's "home state" is the state or territory in which a child lived with a parent or a person acting as a parent for at least six months immediately before the commencement of a child custody proceeding. 7 GCA § 39102. In this case, both Plaintiff and Defendant had filed for divorce within six months of the commencement of the proceeding. Therefore, Guam was the home state of the minor child when the initial custody orders were made.

Further, the UCCJEA describes the standard for continuing jurisdiction. The standard for continuing jurisdiction is described as:

(a) Except as otherwise provided in section 39201, a court of Guam which has made a child-custody determination consistent with sections 39201 or 39203 has exclusive, continuing jurisdiction over the determination *until*:

(1) A court of Guam determines that neither the child, the child's parents, and any person acting as a parent do not have a *significant connection* with Guam and that *substantial evidence* is no longer available in Guam concerning the child's care, protection, training, and personal relationships; or

(2) A court of Guam or a court of another State determines that the child, the child's parents, and any person acting as a parent do not presently reside in Guam.

7 GCA § 39202 (emphasis added). The goal of the "significant connection" inquiry in considering which State's exercise of jurisdiction on an issue of child custody is in the child's best interest, is to determine which state has superior access to relevant evidence. *Stelluto v. Stelluto*, 914 So. 2d 34, 40 (La. 2005). California courts have recognized that under the UCCJEA, continuing jurisdiction remains with the state that issued the initial decree if "1) a parent still resides in the decree state and 2) the child continues to have some connection with the decree state, such as visitation." *Grahm v. Superior Court*, 132 Cal.App.4th 1193, 1200 (2005). The court also explained that "the original state retains continuing exclusive jurisdiction as long as the parent who is exercising visitation rights still lives in the decree state and the relationship between that parent and the child has not deteriorated to the point at which the exercise of jurisdiction would be unreasonable." *Id.*

In this case, the Court finds that the Superior Court of Guam no longer retains continuing, exclusive jurisdiction. As determined above, Guam was the "home state" of the minor children when the initial custody orders were issued. Further, pursuant to the Child Custody section of the Agreement, the Court explicitly made an initial child-custody determination as per 7 GCA § 39201. Because the Court made an initial child-custody

determination consistent with 7 GCA § 39201, the Court acquired exclusive, continuing jurisdiction pursuant to 7 GCA § 39202.

However, the parties having left Guam, the Court may only retain exclusive, continuing jurisdiction over the determination until the Court determines that neither the child nor the parties have a significant connection to Guam and that substantial evidence is no longer available in Guam concerning the child's care, protection, training and personal relationships. Because both the parties and the child have not resided in Guam for over ten (10) years, the Court finds that the child and the parties no longer have a significant connection to Guam and, the child having lived the majority of his life in Virginia, the Court further finds that most, if not all, substantial evidence to be found concerning the child's care, protection, training, and personal relationships would be located in Virginia. Furthermore, even if the first provision of 7 GCA § 39202 were satisfied, the Court may still relinquish exclusive, continuing jurisdiction if it finds that the child and his parents to not presently reside in Guam. The Court having so determined that the child and his parents no longer reside in Guam, the Court finds that it should relinquish exclusive, continuing jurisdiction of the child-custody determination to the Virginia Court. Therefore, Defendant's Motion to Transfer Jurisdiction is **GRANTED**.

As Plaintiff argues, Defendant's petition in Virginia is a matter of child support and not child custody, and that petition is governed by the Uniform Interstate Family Support Act ("UIFSA"), codified in 5 GCA § 35101, *et seq.*, and not by the UCCJEA. Pursuant to 5 GCA § 35205, governing continuing, exclusive jurisdiction to modify a child-support order,

> (a)  A tribunal of this state that has issued a child-support order consistent with the law of this state has and shall exercise continuing, exclusive jurisdiction to modify its child-support order if the order is the controlling order and:
> (1)  at the time of the filing of a request for modification this state is the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or

(2) even if this state is not the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued, the parties consent in a record or in open court that the tribunal of this state may continue to exercise jurisdiction to modify its order.

(b) A tribunal of this state that has issued a child-support order consistent with the law of this state may not exercise continuing, exclusive jurisdiction to modify the order if:

(1) all of the parties who are individuals file consent in a record with the tribunal of this state that a tribunal of another state that has jurisdiction over at least one (1) of the parties who is an individual or that is located in the state of residence of the child may modify the order and assume continuing, exclusive jurisdiction; or

(2) its order is not the controlling order.

(c) If a tribunal of another state has issued a child-support order pursuant to the Uniform Interstate Family Support Act or a law substantially similar to that Act which modifies a child-support order of a tribunal of this state, tribunals of this state shall recognize the continuing, exclusive jurisdiction of the tribunal of the other state.

(d) A tribunal of this state that lacks continuing, exclusive jurisdiction to modify a child-support order may serve as an initiating tribunal to request a tribunal of another state to modify a support order issued in that state.(e) A temporary support order issued ex parte or pending resolution of a jurisdictional conflict does not create continuing, exclusive jurisdiction in the issuing tribunal.

7 GCA § 35205. Under the UIFSA, the Court is only required to exercise continuing, exclusive jurisdiction to modify its child-support order if the order is the controlling order and: (1) at the time of filing of a request for modification, Guam is the residence of the parties or the child; or (2) if the state is not the residence of the parties or the child, the parties consent in a record or in open court that the Court may continue to exercised jurisdiction to modify its order.

Because neither of these provisions has been satisfied, the Court is not required to maintain continuing, exclusive jurisdiction to modify its child support order. Plaintiff notes that, compared to 5 GCA § 35205(b) which requires "all of the parties" to consent

to the Court relinquishing jurisdiction, 5 GCA § 35205(a)(2) only requires that "the parties consent" for the Court to continue exercising jurisdictiton. Plaintiff argues that this means only Plaintiff needs to consent in order for 35205(a) to be triggered. The Court does not agree with this reasoning, as 35205(a)(2) still states that "the parties" must consent to continue jurisdiction, not "a party" or "any party." By a plain reading, this implicates more than one party must consent. Therefore, Plaintiff's consent does not trigger 35205(a)(2), and the decision to relinquish continuing, exclusive jurisdiction is left to the discretion of the Court. Accordingly, Defendant's Motion is fully **GRANTED**.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Transfer Jurisdiction to Virginia.

**IT IS SO ORDERED** ___APR 2 9 2024___ .


**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**